**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SOLOMON BEN-TOV COHEN,

       Plaintiff-Appellant,

v.

ISAAC DELONG, Special Agent,
F.B.I., Los Angeles, CA; FEDERAL
BUREAU OF INVESTIGATION,
Los Angeles, State of California;
FEDERAL BUREAU OF
INVESTIGATION, Denver, State of
Colorado,

       Defendants-Appellees.

No. 09-1218
(D.C. No. 1:09-CV-00844-ZLW)
(D. Colo.)

---

SOLOMON BEN-TOV COHEN,

       Plaintiff-Appellant,

v.

STEVE HODGES, Inspector, United
States Postal Service; JOHN E.
FULLER, Inspector, United States
Postal Service; KENT PROSE,
Investigator, Denver District
Attorney's Office; E. QUINTANA,
Denver County Police; MITCHELL R.
MORRISSEY, District Attorney;
KANDACE GERDES, Deputy District
Attorney; JOSEPH MORALES, Chief
Deputy District Attorney; STATE OF
COLORADO,

       Defendants-Appellees.

No. 09-1078
(D.C. No. 1:08-CV-02806-ZLW)
(D. Colo.)

SOLOMON BEN-TOV COHEN,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 09-9519
(Petition for Review)

---

### ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

In these combined pro se cases, Solomon Ben-Tov Cohen appeals from

district court orders that dismissed his two *Bivens*[1] complaints, and he petitions

for relief from the Board of Immigration Appeals' (BIA) decision in his asylum

case. We dismiss the appeals as frivolous, and we dismiss in part and deny in

part his immigration petition.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
403 U.S. 388 (1971).

-2-

## I. *Cohen v. Delong*, 09-1218

### Background

In April 2009, Cohen filed a *Bivens* action in the U.S. District Court for the District of Colorado, naming as defendants the Federal Bureau of Investigation's (FBI's) field offices in Los Angeles and Denver, and FBI Special Agent Isaac Delong, who works out of the Los Angeles office. Cohen alleged that the field offices and Delong violated his equal-protection and due-process rights by not investigating wrongdoing by the trustee of a trust to which Cohen is an alleged beneficiary.

The district court dismissed the lawsuit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). It noted that *Bivens* claims can be asserted only against federal officers in their individual capacities, and therefore, the field offices were not subject to liability. It further noted that there were no allegations showing that Delong was either subject to the court's personal jurisdiction or that his failure to investigate somehow violated Cohen's constitutional rights. Finally, the district court denied Cohen's request for leave to proceed on appeal in forma pauperis (IFP), concluding that an appeal would be frivolous and not taken in good faith. Cohen appeals and seeks IFP status from this court.

### Discussion

We review the district court's decision to dismiss a complaint as frivolous for an abuse of discretion, but if the frivolousness determination turns on an issue

of law, we review the dismissal de novo. *Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006). A claim is frivolous under § 1915 if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although we are not bound to accept Mr. Cohen's factual allegations as true, they must be weighted in his favor. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

We have reviewed the record, and we discern no abuse of discretion nor any misstatement of law by the district court. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (concluding that 28 U.S.C. § 1915 authorizes the sua sponte dismissal of claims when personal jurisdiction is clearly absent); *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998) (stating that "the touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective" (citations omitted)); *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439-41 (1985) (stating that the equal-protection doctrine prohibits government from treating similarly situated persons differently). Thus, for substantially the same reasons given in the district court's dismissal order, we agree with the decision to dismiss Mr. Cohen's complaint as frivolous.

Finally, we deny Mr. Cohen's motions to proceed IFP on this appeal.[2] To obtain IFP status, Cohen must demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (quotation omitted). Mr. Cohen's appellate brief focuses on the trust dispute, rather than the merits of the case. Further, his speculation that the district judge in his case had a conflict of interest because her deceased ex-husband's law firm has some connection with a firm possibly involved in his trust dispute is specious.

## II. Cohen v. Hodges, No. 09-1078

### Background

In December 2008, Cohen sued two U.S. Postal Service inspectors, the Denver District Attorney and several of his employees, a Denver police officer, and the State of Colorado. He alleged that he was wrongfully arrested and imprisoned as part of a plot by a "corrupt Liechtenstein trustee" who had canceled

---

[2] Cohen's IFP motions indicate that he is being held in the El Paso County Jail pursuant to an immigration detainer. The Prison Litigation Reform Act (PLRA) does not apply to alien detainees who are in immigration custody. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he dismissal of a case [an alien] filed while he was in [immigration] custody would not count as a strike for the purposes of [the PLRA]."); *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) ("[T]he filing fee requirements of the PLRA do not apply to an alien detainee proceeding in forma pauperis . . . ."); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998) ("[A]n incarcerated alien facing deportation is not a 'prisoner' for purposes of the PLRA.").

payments to Cohen, the trust's beneficiary. R., Vol. 1 at 8. The complaint recited 18 claims and had 33 exhibits, including a play written by Cohen. Citing the complaint's lack of clarity and conciseness, the district court ordered Cohen to file an amended complaint.

Cohen's amended complaint winnowed the claims to five, but it failed to clarify the allegations, and it added a 34th exhibit (several years of Cohen's tax returns). The district court dismissed the complaint without prejudice for failing to comply with Fed. R. Civ. P. 8, explaining:

> [R]ather than simply stating how his rights allegedly have been violated in connection with each claim, Mr. Cohen refers to various exhibits among the hundreds of pages of exhibits . . . . However, the attached exhibits are not at all self-explanatory and it is not the Court's responsibility to sift through those exhibits to determine how they might support the various claims.

R., Vol. 1 at 511-12. The district court also denied Mr. Cohen's motion for IFP status on appeal, concluding that an appeal would be frivolous. Cohen appeals and seeks to proceed IFP.

## Discussion

We review a dismissal under Rule 8 for abuse of discretion, "[b]ut what we consider compliant with this standard depends" on "whether dismissal was ordered with or without prejudice to subsequent attempts at amendment." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007). Where, as here, a complaint is dismissed without prejudice "a district court

-6-

may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* at 1162.

After carefully reviewing Mr. Cohen's brief and the record on appeal, we conclude that the district court did not abuse its discretion in dismissing the amended complaint. Under Rule 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court must construe a pro se litigant's pleadings liberally, holding them to "a less stringent standard than formal pleadings drafted by lawyers," it must not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Here, despite Mr. Cohen's reducing the number of claims, he alleged nothing "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rule 8 demands more than naked assertions and unexplained citations to voluminous exhibits. *See id.*

Finally, for the same reasons as discussed above in *Cohen v. Delong,* 09-1218, we deny Mr. Cohen's motions to proceed IFP on this appeal.

### III.  Cohen v. Holder, No. 09-9519

### Background

Cohen, a native and citizen of the United Kingdom, was admitted to the United States in 2002 for a one-year period under the Visa Waiver Program. He failed to timely depart, and in 2007 applied for asylum, restriction on removal,

and protection under the Convention Against Torture (CAT). In his application, Cohen stated that he had been detained in a British psychiatric facility "on orders of [the] privy council/member of parliament after distributing [a] copy of [a] satirical play [he had written] about [the] stockmarket and the queen." A.R. at 2023.

At a hearing on his application, Cohen testified that he fled to the United States after seeing "MI-6 [Britain's Secret Intelligence Service] installing some sort of surveillance equipment" near his apartment. *Id.* at 1534. The immigration judge (IJ) denied Cohen's application, explaining that his asylum application was untimely, and that his withholding-of-removal and CAT claims were "based upon speculation and delusion and paranoia." *Id.* at 1434. Cohen appealed to the BIA, which dismissed his appeal, agreeing with the IJ that Cohen's asylum application was untimely and that his fear of persecution was based on delusion and paranoia.

## Discussion

Where, as here, the BIA issues a single-member brief order upholding the IJ's decision, we "review[ ] both the decision of the BIA and any parts of the IJ's decision relied on by the BIA in reaching its conclusion." *Razkane v. Holder*, 562 F.3d 1283, 1287 (10th Cir. 2009). Our review of legal determinations is de novo, whereas our review of factual findings is simply to ensure that they are supported by substantial evidence. *Id.* Under the substantial-evidence standard, "factual findings are conclusive unless any reasonable adjudicator would be

-8-

compelled to conclude to the contrary." *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009) (quotation omitted).

In regard to Cohen's asylum claim, this court generally lacks jurisdiction when such a claim has been denied as untimely. *See* 8 U.S.C. § 1158(a)(3); *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006). Cohen does not present any constitutional claims or questions of law that this court otherwise would have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D); *Ferry*, 457 F.3d at 1130. Accordingly, we dismiss that portion of Cohen's petition for lack of jurisdiction.

Nevertheless, we do retain jurisdiction to review the denials of restriction on removal and relief under the CAT. *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003). Restriction on removal prohibits the removal of "an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). "In order to demonstrate eligibility for [restriction on removal], the applicant must establish a clear probability of persecution through presentation of evidence establishing that it is more likely than not that the applicant would be subject to persecution." *Woldemeskel v. INS*, 257 F.3d 1185, 1193 (10th Cir. 2001) (quotation and alteration omitted). To obtain protection under the CAT, an alien "must show that it is more likely than not that he or she

-9-

would be tortured if removed to the proposed country of removal." *Sarr v. Gonzales*, 474 F.3d 783, 788 (10th Cir. 2007) (quotation omitted).

Cohen's eighty-nine page opening brief is replete with speculative, incoherent, and outlandish claims. His argument that he faces persecution by the Queen of England because of the play he wrote is patently frivolous. After thoroughly reviewing the BIA's order, the administrative record, and the parties' briefs, we conclude that the BIA's legal determinations are correct and its factual findings are supported by substantial evidence.

Accordingly, the petition for review is dismissed in part and denied in part. Cohen's motions for appointment of counsel, to void the IJ's decision, and to proceed IFP are denied.

## CONCLUSION

For the foregoing reasons, we DISMISS the appeals in 09-1218 and 09-1078 as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). We also DISMISS in Part and DENY in Part the petition for review in 09-9519. Cohen's motions to proceed without prepayment of appellate filing fees are DENIED, and he is

-10-

directed to make full and immediate payment of his outstanding fee balances. Cohen's other motions in his immigration case are also DENIED as discussed above.

Entered for the Court


Stephen H. Anderson
Circuit Judge